SAMUEL, Judge,
dissenting in part.
I agree with the majority conclusion that “it seems clear that she [Kemp] exaggerated and dramatized her complaints for the purpose of influencing the trial court to make a generous award”. In my view, Miss Kemp highly and grossly exaggerated her complaints. In this connection a portion of the testimony of the dance and yoga teacher is impressive. She testified the exercises had helped Miss Kemp’s knee and made a marked difference until a few months prior to trial, but that in the last few months before trial progress had been “ . slower,. I think since all this happened, this coming up, I guess I’m not supposed to say, seems like things are at a standstill, I think it has to do with the trial and all that
In addition, the actual existence of the cystic medial meniscus, which forms the sole basis for the claim for residual disability, is speculative and insufficiently proved. Dr. Adatto only testified that the cyst “may” exist.
A too literal following of Coco v. Winston Industries, La., 341 So.2d 332, effectively prevents us from exercising the mandate *896 contained in Article 5, § 15(B) of our 1974 Constitution, which mandate not only authorizes but requires us to review both the law and the facts in this case. Jurisprudential rules regarding codal articles or other statutes are, or should be, subordinate to constitutional provisions.
With the exceptions of the above comment regarding the presence of a cyst and his conclusion that the award for Miss Kemp’s general damages should be $15,000 (I feel the award should be reduced to not more than $10,000), I agree with the reasons expressed in Judge Beer’s dissent. Accordingly,
I respectfully dissent from the affirmance of the $40,000 award to Miss Kemp for general damages.